NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SCOTT CARPENTER,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

---

2016-2180

---

Appeal from the Merit Systems Protection Board in No. DC-0752-13-2215-B-1.

---

Decided: December 7, 2016

---

SCOTT CARPENTER, Kensington, MD, pro se.

MICHAEL D. SNYDER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., SCOTT D. AUSTIN.

---

Before HUGHES, SCHALL, and STOLL, *Circuit Judges.*

PER CURIAM.

Scott Carpenter appeals the final decision of the Merit Systems Protection Board affirming the Department of the Navy's decision to furlough him for six days. Because the Board did not abuse its discretion in limiting Mr. Carpenter's interrogatory requests and because substantial evidence supports the Board's affirmance of the furlough, we affirm.

I

Mr. Carpenter is a mechanical engineer at the Naval Surface Warfare Center (NSWC), Carderock Division in West Bethesda, Maryland. In response to the Balanced Budget and Emergency Deficit Control Act of 2011, the Navy furloughed Mr. Carpenter for six days. His appeal was consolidated with the appeals of other employees at NSWC Carderock.

Mr. Carpenter moved to compel responses to Interrogatories 12 and 15. Interrogatory 12 requested "the number of Navy civilians who worked in excess of 64 hours per pay period during any pay period in which they were furloughed and the total number of hours worked in excess of 64 hours per pay period for those workers." Interrogatory 15 requested "information regarding the process for determining the number of total furlough hours for each employee."

The Administrative Judge denied his motion to compel, and Mr. Carpenter petitioned the Board for review. The Board granted his motion but limited the scope of Interrogatories 12 and 15 to only "similarly situated Navy civilians." J.A. 109–10. On remand, in response to Interrogatory 12, the Agency provided records describing overtime and compensatory hours for all NSWC Carderock ND scientists and engineers working at West Bethesda or the Washington Navy Yard. In response to Interrogatory 15, the Agency provided documents "ex-

plain[ing] in general terms the method by which the agency decided to furlough employees and the amount of hours that employees would be furloughed." J.A. 345.

The Administrative Judge concluded that the Agency complied with Mr. Carpenter's discovery requests and had met its burden of proving that the furlough promoted the efficiency of the service. The Board affirmed. Mr. Carpenter appeals the Board's rulings on the scope of discovery and the affirmance of the furlough. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II

We review the Board's decision to determine if it is: "(1) arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). For procedural matters such as discovery, we will not overturn the Board "unless an abuse of discretion is clear and is harmful." *Curtin v. Office of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988).

The agency bears the burden of proving that a furlough "will promote the efficiency of the service." 5 U.S.C. § 7513(a). This means that the agency's decision must "be a reasonable management solution to the financial restrictions placed on the agency" and that the agency must "determine which employees to furlough in a fair and even manner." *Einboden v. Dep't of Navy*, 802 F.3d 1321, 1325 (Fed. Cir. 2015).

Accordingly, an agency must "treat similar employees similarly." *Chandler v. Dep't of Treasury*, 2013 M.S.P.B. 163 ¶ 8 (2013). Whether an employee is similarly situated is based on reduction-in-force competitive level principles, *id.*, which are "defined solely in terms of the agency's organizational unit(s) and geographical location."

5 C.F.R. § 351.402(b). Although Mr. Carpenter argues that discovery regarding "similarly situated" employees should include all furloughed employees in the Department of Defense, the Board acted within its discretion by limiting the Agency's obligation to produce documents under Interrogatory 12 to NSWC Carderock employees working in similar occupations and geography.

The Board also acted within its discretion in accepting the Agency's response to Interrogatory 15. Mr. Carpenter sought additional detailed information about how the agency structured the furlough, which the Board concluded was beyond the scope of its review. We agree.

A furlough of less than thirty days is an adverse action. 5 C.F.R. § 752.401(a)(5). "We give wide berth to agency decisions as to what type of adverse action is necessary to 'promote the efficiency of the service,' provided that the agency's decision bears some nexus to the reason for the adverse action." *Einboden*, 802 F.3d at 1325–26. In *Einboden,* when faced with this exact question, we determined that a Navy furlough responding to the Balanced Budget and Emergency Deficit Control Act of 2011 promoted the efficiency of the service because it bore a nexus to an undisputed funding shortage. *Id.* at 1326. Further, this court may not "second guess agency decisions as to how to prioritize funding when faced with a budget shortfall." *Id.* at 1325. Despite Mr. Carpenter's insistence that *Einboden* is incorrect, it binds this panel. *See, e.g.*, *Vas-Cath Inc. v. Mahurkar*, 935 F.2d 1555, 1563 (Fed. Cir. 1991) ("[W]e note that decisions of a three-judge panel of this court cannot overturn prior precedential decisions."). Because of the deference granted to agency funding decisions, the Board did not abuse its discretion in limiting the scope of Interrogatory 15.

For the same reason, we also find substantial evidence supports the Board's affirmance of the furlough. Mr. Carpenter argues that the Agency must prove that

the funding cuts directly impacted the particular funds from which he was paid. We rejected this argument in *Einboden*, where the petitioner argued "that the Navy failed to show that his unpaid salary was used to meet a budgetary shortfall and thus failed to demonstrate that the furlough would 'promote the efficiency of the service.'" 802 F.3d at 1325. Here, the agency satisfied the *Einboden* standard by providing substantial evidence that the furlough bore a nexus to an undisputed funding shortage. Further, the Board found the Agency's approval of overtime was not connected to the furlough, and that the agency structured the furlough in a fair and even manner. Substantial evidence also supports this finding. Thus, the Board did not commit reversible error in affirming the furlough.

## AFFIRMED

No costs.